## WESLEY HORN, ET AL., v. REBECCA MIZE.

[Abstract Kentucky Law Reporter, Vol. 1—350.]

**Dower.**

The allegation in an answer to a petition of a widow for dower, that she had received a thousand dollars' worth of property from her husband, constitutes no bar to her right of dower.

**Allotment of Dower.**

Where a widow is entitled to dower in five hundred acres of land purchased by three different grantees, who have each made valuable improvements on their land, proof should be taken of the value of the improvements made by each of the purchasers and of the value of the unimproved in the possession of each, and dower should be allotted so as to put an equal portion thereof upon the lands of each in proportion to the quantity held by each, in order that each may be made to contribute equally out of the land received by each according to its quantity and value.

### APPEAL FROM LEE CIRCUIT COURT.

October 27, 1880.

OPINION BY JUDGE HARGIS:

The appellants, Wesley Horn, Thomas Horn and Sarah Stamper, are shown to have been purchasers for a valuable consideration of the tract of five hundred acres of land in which the appellee claims dower. The demurrer was properly sustained to the answer, so far as it sought to defeat appellee's claim of dower, because the naked fact set forth in it, that the appellee had received a thousand dollars' worth of property from her husband, constitutes no bar to her right of dower. But the answer was sufficient for the purpose of requiring the location of appellee's dower equally upon the lands of each of the appellants embraced by the boundary named in the appellee's petition. It is alleged by the answer that there is enough of the unimproved portion of the land to make up appellee's dower, and that there are valuable improvements made by appellants in different quantities upon their respective parcels.

The commissioners should have been directed not only to take proof of the value of the improvements made by each of the appellants, but of the value of the unimproved land in the possession of each, and to lay off appellee's dower so as to put an equal portion thereof, taking into consideration quality and quantity upon the lands of each of the appellants in proportion to the quantity possessed by

each, of the five hundred acres named in the petition, so as to make each of them contribute equally to the dower out of the land received by each according to its quantity and value. Gen. Stat. (1909), Secs. 2073, 2139.

It would be manifestly unjust to take the whole of the dower from the parcel of one of the appellants when they are all equally innocent. If the unimproved lands are insufficient for the purpose, then so much of the cleared lands on which there are no houses or orchards should be added to complete appellee's dower.

. The exceptions should have been sustained to the commissioner's report of division. The evidence reported should remain before the court unless legal objection can be shown to it. The case should be referred to the master commissioner, or a special commissioner, with power to take any further testimony that may be offered by either party, and cause the survey to be made in his presence and under his directions in pursuance of the principles of this opinion. The commissioner's allowance should have been $1.50 per day each, or not exceeding $3 per day for both. The cost of the abortive division must be paid by the appellee.

The judgment confirming the commissioner's report and so much of the original judgment directing the commissioners to lay off dower so as to include the mansion, and appointing two commissioners instead of one commissioner, are reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*H. C. Lilly, for appellants. J. B. White, for appellee.*